ALEXANDER MINOR, Appellant, *v.* NAOMI CLARK *et al.*, Respondents.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

1. *Master and servant. Negligence.*—Though the relation of master and servant does not exist between the owner of an elevator and a sailor on an unloading vessel, yet the former is under the implied obligation to keep the machinery used by him in a reasonably safe and secure condition, and to operate the same carefully so as not to injure persons engaged in sweeping the floors of the vessel.

2. *Negligence. Question of fact.*—The question of negligence is one of mingled law and fact to be decided as a question of law by the court where the facts are undisputed, but not to be withdrawn from the jury when the evidence is conflicting, nor when the question of negligence is to be deduced from other facts and circumstances in evidence as to which intelligent men might disagree.

Appeal from a judgment rendered upon a verdict in the defendant's favor ordered by the court at the Erie county circuit. The action was to recover damages for personal injuries to the person of the plaintiff alleged to have been caused by the defendant's negligence.

*Josiah Cook*, for appellant.

*H. C. Day*, for respondents.

BARKER, P. J.—The plaintiff received a personal injury which he ascribes to the negligence of the defendant's servants. After all the evidence was in, a verdict was directed for the defendant, on the ground, as stated by the learned trial judge, that the plaintiff had failed to make a case on the question of the defendant's alleged negligence of sufficient strength to submit the same to the consideration of the jury. The plaintiff was a sailor on a vessel which arrived in Buffalo harbor with a cargo of wheat in bulk, and the same was unloaded at an elevator owned by the defendants and in the care and management of their superintendent. After the vessel had been placed in proper position by the side of the elevator dock the elevator men took entire charge of unloading the same, which was mostly done by the use of machinery which was placed in the hold of the vessel, the captain of the vessel and his crew having nothing whatever to do in the management of the same, and it was operated from power supplied by the engine in the elevator. It was necessary that the machinery used to operate the shovels in the hold of the vessel should be fastened to some part of the ship. In this case the deck beams in the hold were selected and used, to which the blocks used in operating the shovels were attached by means of iron clamps. The elevator leg was let into the hold through one of the hatches, and the shovels were used to move the wheat to the foot of the leg. It was the practice, after the bulk of the wheat was removed from one

end of the vessel, for the crew, under the captain's order, to sweep the floors, so that the wheat which scattered might be moved up to the elevator by the shovels. While the plaintiff was engaged in sweeping near by where the blocks were fastened, the same fell and struck his person, injuring his collar bone and shoulder. The clamps were of an approved pattern and fastened to the beam by means of screws.

It is not claimed that the means used to fasten them to the beams were not sufficient, if properly applied and attended to, while the machinery was in operation. Considerable power is necessary to operate the machinery, and the blocks and clamps were subjected to a heavy lateral strain. While the machinery was in motion the jar of the vessel caused the clamps to loosen their hold to the beam, and it was necessary to tighten the screws occasionally to prevent their falling. The deck beams were from eight to ten inches square, and when the clamps came off a piece of timber one foot long and about an inch and a half thick came with them, indicating that the clamps were fastened firmly to the beam.

The relation of master and servant did not exist between the defendants and the plaintiff and they owed him no duty as such, but they were under the implied obligation to keep the machinery used by them in a reasonably safe and secure condition and to operate the same carefully so as not to injure such persons as were engaged in sweeping the floors of the vessel. If the defendant omitted to do anything which ordinary prudence required to be done to make the attachments of the machinery to the vessel safe and secure, or the men who were in charge of the machinery were careless in its management while in operation, and in consequence thereof the plaintiff was injured, then the defendants are liable to the plaintiff in damages for the injuries he has sustained, provided he himself was free from negligence. The question of negligence is one of mingled law and fact, to be decided as a question of law by the court when the facts of the case are undisputed, but not to be withdrawn from the

consideration of the jury when the evidence is conflicting, nor when the question of negligence is to be deduced from other facts and circumstances established by the evidence about which reasonable and intelligent men might differ.

The circumstances connected with the breaking down of the machinery were such as in our opinion to make a case for the jury to determine whether it was caused by the neglect of duty which the defendants owed to the plaintiff as one of the crew of the vessel.

The plaintiff contends that the accident happened because the clamps worked loose and fell by reason of the strain placed on them and the jar of the vessel caused by the operation of the machinery, or that the deck beam was unsound and did not have sufficient strength to hold the clamps. Although the defendant gave evidence tending to show that the clamps were properly and securely fastened, yet the fact that they fell tends to prove that the deck beam had not sufficient strength and was not, for that or some other reason, a suitable place to attach the clamps, or that they were worked by the jar of the vessel, which, if such was the fact, indicates that they were not carefully inspected. After a careful reading of the evidence we are unable to ascribe any other cause for the falling of the clamps and blocks, and if they had been properly fastened to timber of sufficient strength to resist the strain applied to it the machinery could have been operated with safety to all persons engaged in unloading the vessel if they were free from negligence on their part. Without stating all the evidence bearing on the question whether or not the clamps were safely and securely fastened, we are of the opinion that a case was made for the consideration of the jury with proper instructions as to the law of the case.

Judgment reversed and a new trial granted, with costs to abide event.

DWIGHT and MACOMBER, JJ., concur.